SALATHIEL R. FLETCHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 33041.   Promulgated September 21, 1931.

*F. E. Seidman, C. P. A.*, and *J. S. Seidman, Esq.*, for the petitioner.

*John D. Kiley, Esq.*, for the respondent.

OPINION.

Love: The only question involved in this proceeding is whether the respondent erred in disallowing the deduction claimed by petitioner of $7,921.62 expended by him as his share of the cost of platting, surveying and preparing the real estate for sale in accordance with the terms of the agreement referred to in our findings. The respondent contends that the amount in question is a capital expenditure and, therefore, not deductible under section 214 (a) (1) of the Revenue Act of 1921 as " ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."

Petitioner concedes that expenditures made by an owner of property for platting and surveying such property are not deductible as business expenses by the owner, but become a part of the cost of the

property. Section 215 (b), Revenue Act of 1921. But in the instant proceedings petitioner was not the owner of the property for which the expenditures were made. His status was that of agent for the owners. He and three others had agreed with the owners to pay the cost of platting, surveying and preparing the property of the owners for sale, to sell the same, and, after the owners had received $400,000 in cash, together with certain interest, to receive "in full payment of all services rendered and disbursements made by them" under the agreement, all lands then remaining unsold together with all contracts, notes, mortgages, and other "proceeds of the venture." Petitioner contends that under such circumstances the amounts expended by him are nothing more than ordinary and necessary expenses paid in the course of carrying on his business.

In our opinion the petitioner's position is correct. He did not own the property for which the expenditures were made. His business was that of acting as agent for others. An agent usually receives compensation for his services which compensation is gross income under section 213 (a) of the statute. Petitioner's income here was his proportion (one-sixth) of what was left after the owners had been paid $400,000 in cash. The excess over the $400,000 was in fact compensation for services rendered as truly as if the owners had agreed to pay petitioner a straight salary or set commission. The expenditures made by petitioner in producing such income were in substance no different in principle from expenditures made by a lawyer in prosecuting his client's case on a contingent basis, which in the case of the lawyer are admittedly deductible. A taxpayer on the cash basis deducts his expenses when paid and reports his income when received. If, after petitioner receives his share of the property remaining unsold after the owners have been paid their $400,000, he makes further expenditures of the same nature as the ones in question, such further expenditures must be capitalized and considered a part of the cost of the property received. But this is because he is then acting on his own account and not as the agent for others. The same rule applies in the case of the lessee of property. If the lessee makes improvements having a life in excess of the term of the lease, the lessee is entitled to deduct as additional rental the cost of such improvements spread over the remaining term of the lease, *Duffy* v. *Central R. Co. of New Jersey*, 268 U. S. 55; whereas, if such improvements were made by the owner of the property, a deduction to the owner would be based on the life of the improvements. In the instant proceedings we hold that petitioner is entitled to deduct the amount of $7,921.62 as an ordinary and necessary expense. The deficiency should be redetermined in accordance with this opinion.

*Judgment will be entered under Rule 50.*